**17-128**

**In The**

# United States Court of Appeals
## For The Federal Circuit

# IN RE UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,

*Petitioner.*

---

### PETITIONER'S SUBMISSION OF THE ORDER OF THE COURT OF FEDERAL CLAIMS DEFERRING A DECISION ON THE ISSUE PRESENTED

On July 14, 2017 Petitioner filed the Petition in the above matter seeking issuance of a Writ of Mandamus to reverse the Order of the Court of Federal Claims adding The Jackson Laboratory to the litigation styled University of South Florida, Board of Trustees vs. United States of America, 15-1549, PEC. As explained in the Petition, Petitioner USF had sought reconsideration of the Court of Federal Claims' decision by Motion, but no decision on that Motion had been received.

The Court of Federal Claims has now issued an Order (Exhibit 1 hereto) deferring any decision on the Motion for Reconsideration until after a ruling by this Court on the Petition filed. A copy of that Order is submitted herewith. As

noted in the Order, while the question of the propriety of participation in the

lawsuit by The Jackson Laboratory colors virtually every action in the ongoing

litigation, the case schedule moves forward, with Markman construction and

discovery. Given the decision of the Court of Federal Claims to defer any decision

on the propriety of participation by The Jackson Laboratory until after this Court's

review, but otherwise continue proceedings, Petitioner requests review of the

outstanding issue at the Court's earliest convenience.

Respectfully submitted,

/s/ Steven B. Kelber
Steven B. Kelber
E-Mail:  steve@kelberlawgroup.com
THE KELBER LAW GROUP
1875 Eye Street, N.W., Fifth Floor
Washington, D.C.  20006
(240) 506-6702 – Telephone

Jerry Stouck
E-mail:stouckj@gtlaw.com
GREENBERG & TRAURIG
2101 L Street N.W., Suite 1000
Washington, D.C. 20037
(202) 331-3173 – Telephone

Counsel for Petitioner
University of South Florida
Board of Trustees

Dated: August 10, 2017

# EXHIBIT 1

# In the United States Court of Federal Claims

No. 15-1549C

(E-Filed: August 8, 2017)

|  |  |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA, BOARD OF TRUSTEES, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| THE JACKSON LABORATORY, | ) ) |
| Third-Party Defendant. | ) ) ) |

## ORDER

On July 14, 2017, plaintiff filed a petition for writ of mandamus with the United States Court of Appeals for the Federal Circuit, contesting this court's ruling that The Jackson Laboratory (Jackson) would participate in this case as a third-party defendant. This order clarifies the impact of plaintiff's decision to address its arguments on this topic to the Federal Circuit at this time. The court turns first to plaintiff's pending motion for reconsideration of the order directing the Clerk's office to add Jackson as a third-party defendant in this matter.

Plaintiff's motion for reconsideration was filed on April 28, 2017, ECF No. 50, and was fully briefed with the filing of plaintiff's Notice of Additional Authority on June 13, 2017, ECF No. 67. That motion is pending. Thus, at this point in time plaintiff simultaneously seeks relief from both the Federal Circuit and this court in its attempt to remove Jackson as a third-party defendant in this case. As the inferior court, this court will defer ruling on the relief requested in

plaintiff's motion for reconsideration until the Federal Circuit has taken action on plaintiff's petition for a writ of mandamus which seeks identical relief.

The court turns next to plaintiff's motion to quash subpoena and for protective order. ECF No. 60. That motion was filed on May 25, 2017 and was fully briefed with the filing of defendants' sur-reply on June 29, 2017. ECF No. 72. This motion is pending and addresses discovery activities which contemplate the full participation of Jackson as third-party defendant. Plaintiff resists, in particular, the taking by defendants of two noticed depositions. ECF No. 60, at 1.

It is clear to the court that plaintiff's motion to quash is inextricably linked to the participation of Jackson in this case as third-party defendant. Jackson's expertise in the science underlying this case affects the content and scope of the contested depositions. Further, Jackson has requested attorney's fees as a sanction for plaintiff's conduct in resisting discovery in this case. Because Jackson's status as a third-party defendant is integral to the discovery dispute identified in plaintiff's motion, a ruling on that motion must also be deferred pending the Federal Circuit's action on plaintiff's petition for a writ of mandamus. Accordingly, the Clerk's office is directed to **DEFER** proceedings on plaintiff's motions for reconsideration and to quash subpoena, ECF Nos. 50, 60, until further order of the court.

The court notes that discovery in this case is ongoing with the full participation of Jackson and the other parties. See ECF Nos. 46, 74. Although the court's resolution of plaintiff's motion to quash must be deferred because of plaintiff's petition filed with the Federal Circuit, the parties must continue to diligently complete the discovery ordered by the court. To that end, it appears that a dispute as to the text of the protective order entered in this case, ECF Nos. 19, 21, may be unresolved. See ECF No. 61, at 8; ECF No. 66, at 7-8. The parties shall **CONFER** and **FILE** an agreed-upon amended protective order on or before **August 16, 2017**.[1]

All remaining deadlines set by the court's order of April 26, 2017, ECF No. 46, remain in effect. To ensure that the court is apprised of significant developments at the Federal Circuit, plaintiff shall electronically **FILE** a **Notice** in this case **within three business days** of any substantive action taken by the Federal Circuit on plaintiff's petition for a writ of mandamus.

IT IS SO ORDERED.

---

[1]     The court encourages the parties to come to a compromise solution as to the concerns plaintiff has raised regarding the protective order now in place. The court expresses no opinion as to whether the current protective order requires amendment.

s/ Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

In re University of South Florida                    **v.**

Case No.        17-128

## CERTIFICATE OF INTEREST

Counsel for the:

☒ (petitioner) ☐ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10 % or more of stock in the party |
|---|---|---|
| University of South Florida Board | None | None |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

4.   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (**and who have not or will not enter an appearance in this case**) are:

Steven B. Kelber, The Kelber Law Group        Jerry Stouck, Greenberg & Traurig

August 1, 2017
_____
Date

/s/ Steven B. Kelber
_____
Signature of counsel

Please Note: All questions must be answered

Steven B. Kelber
_____
Printed name of counsel

cc: _____

Reset Fields

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petitioner's Submission was served by electronic means on counsel for the United States of America, Walter Brown, at Walter.Brown2@usdoj.gov, and counsel for the Third Party Defendant, The Jackson Laboratories, Timothy Shannon, at tshannon@verrilldana.com this 10th day of August, 2017. A copy of the Petitioner's Submission was served by electronic means on the Honorable Judge Patricia Campbell-Smith, Court of Federal Claims, at Campbell-Smith_Chambers@cfc.uscourts.gov on this 10th day of August, 2017.


/s/ Steven B. Kelber